# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IRENE TAYLOR,<br><br>          Plaintiff,<br><br>     v.<br><br><br>TERRI GILLIAM, D.D.S.,<br><br>          Defendant. | Civil No. 13-2947 (KMW/NLH)<br><br>**OPINION** |

**APPEARANCES:**

Irene Taylor
4504 Arrison Court
Pennsauken, New Jersey 08109
     *Pro Se Plaintiff*

Paul J. Fishman, Esquire, United States Attorney
Elizabeth A. Pascal, Esquire, Assistant United States Attorney
Camden Federal Building & U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101
     *Attorneys for Defendant United States of America*

**HILLMAN, District Judge**

     This matter comes before the Court by way of Defendant's motion [Doc. No. 3] to vacate the entry of default against Terri Gilliam, D.D.S., pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) for improper service.  Defendant also moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) based on her failure to exhaust her administrative

remedies under the Federal Tort Claims Act ("FTCA"). Plaintiff has not filed opposition to Defendant's motion and the time within which to do so has now expired. The Court has considered Defendant's submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion will be granted.

I.   **BACKGROUND**

This suit arises from injuries Plaintiff Irene Taylor allegedly sustained to her teeth and mouth as a result of dental care provided by Terri Gilliam, D.D.S., an employee of CAMcare Health Corporation ("CAMcare"). (Compl. [Doc. No. 1-1], 1.) Plaintiff originally filed this action against Gilliam on December 24, 2012 in the Superior Court of New Jersey, Law Division, Special Civil Part for Camden County seeking $15,000 in damages and $15,000 for the costs of bringing the suit. (Id. 1-2.) On February 11, 2013, the Clerk of the Special Part entered a default against Gilliam for failure to respond to the complaint in a timely manner. (Ex. 1 to Def.'s Br. in Supp. of Mot. to Vacate and Dismiss [Doc. No. 3-2], 3.) The matter was subsequently removed to this Court on May 8, 2013 by the United States of America ("the United States") pursuant to 28 U.S.C. §

2679(d)[1] and 42 U.S.C. § 233(c)[2] on the basis that Plaintiff's complaint asserts claims under the FTCA since Gilliam was, by statute, a federal employee.

The FTCA constitutes a limited waiver of the United States' sovereign immunity for the negligent acts of federal employees committed while acting within the scope of their federal employment.  See 28 U.S.C. § 2674.  The FTCA specifically provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful

---

[1]  28 U.S.C. § 2679(d)(2) provides in relevant part that: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed ... at any time before trial ... to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

[2]  42 U.S.C. § 233(c) similarly provides that "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed ... to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto."

act of omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). In these cases, "the federal employee is immune from suit and the plaintiff's exclusive right of action lies against the United States. ... The FTCA protects federal employees by paying judgments out of the United States Treasury." Dais v. United States, No. 2:11-cv-03986, 2012 WL 5200043, at *1 (Oct. 22, 2012) (citing 28 U.S.C. § 2679(b)).

Pursuant to the Public Health Service Act, "private, non-governmental health centers that supply medical care to underserved populations may apply for federal grant moneys." Dais, 2012 WL 5200043, at *1 (citing 42 U.S.C. § 254b(e)). The Public Health Service Act was subsequently amended by the Federally Supported Health Centers Assistance Act ("FSHCAA") in order to permit "these private health centers to apply to the Department of Health and Human Services ... to be 'deemed a federal employee' of the Public Health Service." Dais, 2012 WL 5200043, at *1 (citations omitted). Once a health center is deemed "to be a federal employee ... that entity is immune from suit and receives protection under the FTCA." Dais, 2012 WL 5200043, at *1 (citing 42 U.S.C. § 233(a)).[3]

_____

[3] "Congress's intent in passing the FSHCAA was to increase the availability of funds for the provision of primary health

4

The FSHCAA also provides that the employees of eligible health centers may also be deemed to be federal employees qualified for protection under the FTCA. 42 U.S.C. § 233(g)(1)(A) ("... any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner ..., shall be deemed to be an employee of the Public Health Service[.]"). The FSHCAA thus "extends FTCA [medical malpractice] coverage to employees of the Public Health Service." Lacey-Echols ex rel. Lacey v. Murphy, No. 02-2281, 2003 WL 23571269, at *4 (D.N.J. Dec. 17, 2003).

As set forth in the Notice of Removal and the documents filed in support thereof, CAMcare is a federally supported health center, and CAMcare and Gilliam have been deemed Public Health Service employees of the United States pursuant to 42 U.S.C. § 233(g). (See generally Notice of Deeming Action – Federal Tort Claims Act Authorization for CAMcare Health Corporation, Ex. 1 to Declaration of Meredith Torres [Doc. No.

---

care services to low income populations by reducing the health centers' need to purchase medical malpractice liability insurance." Dais, 2012 WL 5200043, at *1 (citing Miller v. Toatley, 137 F. Supp. 2d 724, 725 (W.D. La. 2000), aff'd 251 F.3d 157 (5th Cir. 2001)).

1-2]; Declaration of Meredith Torres,[4] Ex. B to Notice of Removal

[Doc. No. 1-2] ¶¶ 5-6.)  The United States has also certified

that Gilliam was acting within the scope of her employment as an

employee of the United States at the time of the conduct alleged

in the complaint.[5]  Thus, under the FTCA, Plaintiff's claim must

---

[4]    Ms. Torres' declaration sets forth that: (1) CAMcare Health
Corporation was deemed eligible for Federal Tort Claims
malpractice coverage effective January 1, 2011; (2) CAMcare's
coverage has continued since that time without interruption; and
(3) Gilliam was an employee of CAMcare Health Corporation at all
times relevant to Plaintiff's claim.  (Id. ¶¶ 5-6.)

[5]    While 28 U.S.C. § 2679(d)(2) requires a certification by
the Attorney General, 28 C.F.R. § 15.4 authorizes the United
States Attorney for the district where the action is brought "to
make the statutory certification that the Federal employee was
acting within the scope of his office or employment with the
Federal Government at the time of the incident out of which the
suit arose."  See also Lackro v. Kao, 748 F. Supp. 2d 445, 449
(E.D. Pa. 2010) ("One means by which this substitution of
parties may occur is the certification of the U.S. Attorney that
the individual defendant was an employee of the United States
acting within the scope of his or her employment[.]") (citing 28
U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4(a)).
      In this case, attached as Exhibit C to the Notice of
Removal is the certification of James Clark, Esq., at the time
of the certification the Chief of the Civil Division for the
United States Attorney's Office for the District of New Jersey.
(See generally Clark Certification [Doc. No. 1-3].)  Pursuant to
28 U.S.C. § 2679, 42 U.S.C. § 233(c), and 28 C.F.R. § 15.4, Mr.
Clark has certified that Gilliam "was acting within the scope of
her employment as [an] employee[] of the United States at the
time of the conduct alleged in the Complaint."  (Id. at 1.)
Accordingly, the United States Attorney's certification
"constitute[s] 'prima facie evidence that the employee's
challenged conduct occurred within the scope of employment.'"
Lackro, 748 F. Supp. 2d at 450 (citing Schrob v. Catterson, 967
F.2d 929, 936 (3d Cir. 1992)).

be pursued as an action against the United States.  28 U.S.C. §
1346(b)(1); see also Lackro v. Kao, 748 F. Supp. 2d 445, 449
(E.D. Pa. 2010) ("The FTCA permits plaintiffs to recover against
the United States in medical malpractice actions, but it
prohibits suits against the employee of the United States whose
acts or omissions may have led to the suit.")

Accordingly, upon removal to this Court, the United States
was substituted as the proper Defendant in place of Gilliam
pursuant to 28 U.S.C. § 2679(d)(2).  The United States now moves
to vacate the default previously entered by the state court
pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) and
further moves to dismiss the complaint for lack of subject
matter jurisdiction under Federal Rule of Civil Procedure
12(b)(1).


**II.   <u>JURISDICTION</u>**

"District courts have exclusive jurisdiction over suits
against the United States brought under the FTCA." <u>Santos ex
rel. Beato v. United States</u>, 559 F.3d 189, 193 (3d Cir. 2009)
(citing 28 U.S.C. § 1346(b)).  Accordingly, the Court exercises

jurisdiction over Plaintiff's FTCA claims pursuant to 28 U.S.C. § 1346(b)(1).[6]


III. **DISCUSSION**

   A.   **Authority to Vacate State Court Entry of Default**

As an initial matter, the United States asks this Court to set aside the default entered against Gilliam in the Superior Court of New Jersey.  In considering the United States' request, the Court notes that pursuant to 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.[7]

---

[6]    Section 1346(b)(1) provides in pertinent part that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

[7]    Section 1450 "is designed to promote judicial economy by making it unnecessary in many cases to duplicate in federal court pleadings previously filed in state court, and to ensure that interlocutory orders entered by the state court to protect

Once removed to federal court, "it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70, 415 U.S. 423, 436 (1974).  As the Supreme Court of the United States has explained, Section 1450 impliedly recognizes a "district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal."  Id.; see also First Atl. Leasing Corp. v. Tracey, 128 F.R.D. 51, 54 (D.N.J. 1989).

Essentially this is because after removal, "'interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed'" and "'[t]he district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered.'"  In re Diet Drugs, 282 F.3d 220, 232 n.7 (3d Cir. 2002) (citing Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1304 (5th Cir. 1988)); see also Munsey v. Testworth Labs., 227 F.2d 902, 903 (6th Cir. 1955) ("Prior to

various rights of the parties will not lapse upon removal." Tehan v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 547 (D.N.J. 2000) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70, 415 U.S. 423, 435-36 (1974)).

removal the state court judgment was concededly subject to being set aside in the state court. It was subject to the same hazard in the federal court after removal. 28 U.S.C.A., § 1450.").

## B. Standard for Setting Aside the Entry of Default

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and ... may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Generally, entries of default and default judgments are disfavored by the courts, and when a defendant moves to set aside the entry of default or a default judgment the law "require[s] [that] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" United States v. $55,518.55 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (citation omitted). Moreover, the "decision to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) and a default judgment pursuant to Fed.R.Civ.P. 60(b) is left primarily to the discretion of the district court." Id. at 194 (footnotes omitted).

In the Third Circuit, "it is well established that a district court ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), must

consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)); $55,518.55 in U.S. Currency, 728 F.2d at 195).

### C.   Standard for 12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "'When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.'"  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." D.G. v. Somerset

<u>Hills School Dist.</u>, 559 F. Supp. 2d 484, 491 (D.N.J. 2008).  On a facial attack, "the court must consider the allegations of the complaint as true." <u>Mortensen</u>, 549 F.2d at 891.  "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint." <u>D.G.</u>, 559 F. Supp. 2d at 491.

Upon a factual attack, by contrast, the court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." <u>Mortensen</u>, 549 F.2d at 891.  Moreover, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint ... and can look beyond the pleadings to decide factual matters relating to jurisdiction." <u>Cestonaro v. U.S.</u>, 211 F.3d 749, 752 (3d Cir. 2000) (citing <u>Mortensen</u>, 549 F.2d at 891).  "The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed." <u>D.G.</u>, 559 F. Supp. 2d at 491.

### D.  Exhaustion under the FTCA

Generally, the United States is entitled to sovereign immunity unless it otherwise consents to suit.  <u>White-Squire v. U.S. Postal Serv.</u>, 592 F.3d 453, 456 (3d Cir. 2010).  The United

States' "consent to be sued must be 'unequivocally expressed,'
and the terms of such consent define the court's subject matter
jurisdiction." Id. With respect to the FTCA, the statute
constitutes "a limited waiver of the United States' sovereign
immunity." Id. The FTCA provides that the United States shall
be liable, to the same extent as a private individual, "for
injury or loss of property, or personal injury or death caused
by the negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or
employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. §
2674.

However, prior to bringing an FTCA action against the
United States in federal court, a plaintiff must "first
present[] the claim to the appropriate Federal agency" and
receive a final denial "by the agency in writing and sent by
certified or registered mail." 28 U.S.C. § 2675(a). A claim is
deemed presented when the federal agency receives written
notification of the alleged tortious incident and the resulting
injuries, accompanied by a claim for money damages in a sum
certain. 28 C.F.R. § 14.2(a). Where a federal agency fails to
make a final disposition of the claim within six months from the
time it is filed, that failure is "deemed a final denial of the

claim" for purposes of instituting suit under the FTCA. 28
U.S.C. § 2675(a).

"In light of the clear, mandatory language of the statute,
and [the] strict construction of the limited waiver of sovereign
immunity by the United States, ... the requirement that the
appropriate federal agency act on a claim before suit can be
brought is jurisdictional and cannot be waived." Roma v. United
States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First
Nat'l State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir.
1989)). Specifically, as recognized by the Supreme Court,
"[t]he FTCA bars claimants from bringing suit in federal court
until they have exhausted their administrative remedies."
McNeil v. United States, 508 U.S. 106, 113 (1993).

Thus, a district court may properly dismiss a claim brought
under the FTCA for lack of subject matter jurisdiction pursuant
to Rule 12(b)(1) where the plaintiff has not yet exhausted his
or her administrative remedies. See, e.g., Abulkhair v. Bush,
413 F. App'x 502, 506 (3d Cir. 2011) (affirming district court's
dismissal of plaintiff's FTCA claim under Rule 12(b)(1) where
plaintiff failed to exhaust his administrative remedies before
filing suit); Accolla v. United States Gov't, 369 F. App'x 408,
409-10 (3d Cir. 2010) (concluding that the district court
properly dismissed plaintiff's FTCA claim where plaintiff filed

14

suit in federal court prior to exhausting administrative

remedies).

IV.    **ANALYSIS**

The United States now moves to vacate the entry of default

under Federal Rules of Civil Procedure 55(c) and 60(b) for

improper service and to dismiss the Complaint against it for

lack of subject matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1) for Plaintiff's failure to exhaust

administrative remedies under the FTCA.

**A.    Vacating the Entry of Default**

As set forth <u>supra</u>, upon removal of Plaintiff's case to

this Court, the state court entry of default was transformed by

operation of 28 U.S.C. § 1450 into an interlocutory order of

this Court.   <u>In re Diet Drugs</u>, 282 F.3d at 232 n.7.   Section

1450 now permits this Court to dissolve or modify injunctions

and orders entered in state court prior to the time of removal.

<u>See</u> <u>Granny Goose Foods</u>, 415 U.S. at 436; <u>First Atl. Leasing</u>, 128

F.R.D. at 54.   Courts within this District have invoked their

authority under Section 1450 to modify or dissolve state courts

orders issued prior to removal in a variety of circumstances.
See, e.g., Cooper Health Sys. v. Virtua Health, Inc., 259 F.R.D.
208, 212-13 (D.N.J. 2009) (concluding that the plaintiff's
argument that the district court could not modify or alter state
court discovery orders was incorrect, and reexamining said
discovery orders pursuant to its authority under Section 1450);
Ballas v. Tedesco, 41 F. Supp. 2d 531, 543-44 (D.N.J. 1999)
(invoking authority under Section 1450 to vacate a preliminary
injunction entered by the Superior Court of New Jersey); First
Atl. Leasing, 128 F.R.D. at 54, 58 (observing that Supreme Court
precedents "clearly establish that this court has the statutory
authority under Title 28 U.S.C. Section 1450 to modify or
dissolve the protective order issued by the State Court" and
vacating said protective order).

Moreover, it is clear that even if this case had not been
removed the state court entry of default would have been subject
to being set aside in state court pursuant to N.J. Court Rule
4:43-3.[8] Therefore, it is equally clear that upon removal of the

---

[8] New Jersey Court Rule 4:43-3 provides that "[a] party's
motion for the vacation of an entry of default shall be
accompanied by (1) either an answer to the complaint and Case
Information Statement or a dispositive motion pursuant to Rule
4:6-2, and (2) the filing fee for an answer or dispositive
motion, which shall be returned if the motion to vacate the
entry of default is denied.  For good cause shown, the court may
set aside an entry of default and, if a judgment by default has

case to this federal Court the entry of default is "subject to the same hazard[.]". See Munsey, 227 F.2d at 903 (citing 28 U.S.C. § 1450). The entry of default must be treated as any other order entered by this Court would be, and thus this entry of default is therefore subject to being set aside pursuant to Federal Rule 55(c). See Tehan, 111 F. Supp. 2d at 547; Munsey, 227 F.2d at 903. As another district court in this Circuit has recognized, "there is no question that ... it is within the power of a Federal Court to set aside a default judgment [or an entry of default] rendered by a State Court before removal of a particular case" based upon the general removal statute, 28 U.S.C. § 1441-1450. See Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970) (citing 28 U.S.C. § 1450). Therefore, the Court may properly consider the United States' request to vacate the entry of default in accordance with Federal Rule of Civil Procedure 55 by virtue of this Court's authority under Section 1450.

Generally, in considering whether to set aside the entry of default under Rule 55(c), the Court must consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the

---

been entered, may likewise set it aside in accordance with Rule 4:50."

result of the defendant's culpable conduct." Gold Kist, 756 F.2d at 19. However, a district court need not "resort to an analysis of th[e]se factors in" every instance "because they apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default." Id. (explaining that a district court errs as a matter of law in refusing to set aside a default where the default judgment was improperly entered).

Here, the United States argues that the entry of default must be vacated because service of the summons and complaint was never properly effectuated by Plaintiff. The Third Circuit and multiple district courts within the Circuit have recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking. See, e.g., Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) (noting that where "a default judgment ... [is] entered when there [is] not ... proper service, the judgment is, a fortiori, void, and should be vacated."); Gold Kist, 756 F.2d at 19; Perkins v. Delaware DHSS/DSSC, No. 12-50, 2012 WL 4482801, at *1, 4, 7 (D. Del. Sept. 27, 2012) (recommending defendant's motion to vacate entry of default be granted and plaintiff's motion for default judgment be denied where service

18

had "not yet been technically effectuated"); <u>Mettle v. First Union Nat'l Bank</u>, 279 F. Supp. 2d 598, 603 (D.N.J. 2003) (concluding sufficient good cause existed for setting aside default entered against a defendant where there was not proper service of the summons and complaint).

To serve the United States, a party must: (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistance United States attorney or clerical employee whom the United States Attorney designates in a writing filed with the court clerk[.]" FED. R. CIV. P. 4(i)(1)(A)(i).  Alternatively, a party must "send a copy of [the summons and of the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office[.]" FED. R. CIV. P. 4(i)(1)(A)(ii).  In addition to completing one of the two alternatives set forth above, a party must also "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." FED. R. CIV. P. 4(i)(1)(B).

Here, however, the record indicates that Plaintiff attempted to effect service only upon Gilliam herself via certified mail on January 4, 2013, rather than effecting service on the United States in accordance with the provisions of Rule

4.  (Def.'s Motion, Ex. 1 [Doc. No. 3-2], 2.)  It is clear that Plaintiff never properly served the United States, and thus, the entry of default was improper at the outset.[9]  Accordingly, the Court finds that good cause exists pursuant to Federal Rule 55(c) to vacate the entry of default in this case.  See Mettle, 279 F. Supp. 2d at 603 (concluding that "sufficient 'good cause' exists for setting aside the default" where "there has been no proper service of the summons and complaint").

**B.  Plaintiff's Failure to Exhaust Administrative Remedies**

Finally, the United States seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  The United States argues that in order to maintain a tort claim against it, Plaintiff, as the claimant, must comply with the provisions of the FTCA, 28 U.S.C. §§ 2671, et seq.  As explained supra, prior to bringing a FTCA action against the United States in federal court, a plaintiff must first present the claim to the appropriate federal agency and receive a final denial in writing from the agency.  28 U.S.C. §

---

[9]  As a set forth supra, the Court need not analyze the three Gold Kist factors because they apply only when the entry of the default was authorized at the outset, which it was not in this case as the summons and complaint were never properly served.  See Gold Kist, 756 F.3d at 19; Mettle, 279 F. Supp. 2d at 603 n.3

2675(a).  The FTCA bars claimants from bringing suit in federal court before they have exhausted their administrative remedies. McNeil, 508 U.S. at 113.  Thus, where a plaintiff has failed to exhaust their administrative remedies, a district court may properly dismiss the claim under the FTCA for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Abulkhair, 413 F. App'x at 506.

In support of its contention that Plaintiff has failed to exhaust her administrative remedies prior to filing suit, the United States submits the Declaration of Meredith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services.  (See Torres Declaration [Doc. No. 3-3] ¶ 1.)  In her position as Senior Attorney, Ms. Torres is "familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained."  (Id.)

According to Ms. Torres, the Department of Health and Human Services has a Claims Office which "maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible

for Federal Tort Claims Act malpractice coverage." (<u>Id.</u> ¶ 2.)
Ms. Torres has declared under penalty of perjury that "if a tort
claim had been filed with the Department with respect to Camcare
Health Corporation, its approved delivery sites, or its
employees or qualified contractors, a record of that filing
would be maintained in the Claims Branch's database." (<u>Id.</u> ¶
3.) Ms. Torres has further declared that she conducted a search
of the Claims Branch's database and "found no record of an
administrative tort claim file by Plaintiff, Irene Taylor, or an
authorized representative relating to Camcare Health
Corporation." (<u>Id.</u> ¶ 4.)

Here, Plaintiff's complaint fails to allege that she in
fact filed an administrative tort claims with the Department of
Health and Human Services before initiating this action.
Plaintiff also failed to oppose the present motion to dismiss by
the United States and thus has not countered the United States'
contention that she failed to exhaust her administrative
remedies as required under the FTCA.

Accordingly, based on the Declaration of Ms. Torres and
Plaintiff's failure to offer any arguments in opposition, the
Court finds that Plaintiff did not file the required
administrative tort claim with respect to the dental services

provided to her by Gilliam at CAMcare.  Therefore, Plaintiff has

failed to satisfy the jurisdictional prerequisite to initiating

an act under the FTCA, which divests this Court of subject

matter jurisdiction over her claims against the United States.

Accordingly, the action will be dismissed without prejudice.

See Mendez v. Chang, No. 13-2274, 2013 WL 5759499, at *1-2

(D.N.J. Oct. 23, 2013) (dismissing pro se plaintiff's complaint

against the United States without prejudice in an action removed

from state court where plaintiff sued several doctors employed

by CAMcare for lack of subject matter jurisdiction based on

plaintiff's failure to exhaust under the FTCA as evidenced by

similar declaration from Ms. Torres attesting absence of claim

filing by plaintiff).


## V.    CONCLUSION

For the foregoing reasons, Defendant's motion is granted,

and Plaintiff's complaint is dismissed without prejudice.  An

Order consistent with this Opinion will be entered.



Dated: December 4, 2013              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.